MICHAEL SINCLAIR *v.* JOHN P. RICHARDSON.

CHITTENDEN, *January,* 1840.

When a new contract is made by a third person, auxiliary to a subsisting contract, it must be in writing; this is matter of law. But whether, when the new contract is made, the former contract was rescinded, revoked or abandoned, and so the new contract was independent, is a question of fact to be determined by the jury, under proper instructions from the court.

Where S. was, under a contract with U. building a house on land of R. and said to R. "I want you to agree to pay me for building the house or I can do no more to it;" and R. said to him "do you go on and finish the house and I will pay you" this does not conclusively determine whether the new contract was collateral or independent. That is still a question of fact, to be found by the jury.

THIS was an action of assumpsit for labor, materials &c., in the erection of a house. Plea, *non assumpsit.* Issue to the country.

Upon the trial in the county court, the plaintiff introduced testimony tending to show that, in 1831, he erected the frame of a house on the land of the defendant and did something toward enclosing it, and that the defendant was frequently there giving directions; but it appeared on the cross-examination of the witness that the plaintiff said he had made a written contract with one Upson for the work and materials, and that Upson was to pay him part in a note against one Ellis, part in goods out of Burdick & Southgate's store, and part in boots and shoes. The plaintiff further showed, that, in the succeeding spring of 1832, when about to complete the work, he said to the defendant, *I want you to agree to pay me for the building of the house, or I can do no more to it,* and that Richardson said in reply, *do you go on and finish the house and I will pay you for it, or see you paid,* and, that thereupon the plaintiff went on and completed the house.

The original contract between the plaintiff and Upson, which was for the performance of the labor, &c., of the plaintiff, was still in force and unrescinded. The court adjudged the undertaking of the defendant to be collateral and that the defendant was not bound by his promise, unless it was in writing, and so charged the jury who returned a verdict for defendant. The plaintiff excepted to the decision and charge of the court.

*C. Adams* for plaintiff.

1. We contend that the defendant must be regarded as the principal debtor, and Upson the auxiliary. The undertaking of Upson to pay plaintiff for building a house for defendant, could not be enforced, unless in writing, but the defendant's promise, being for his own debt, is not within the statute. The defendant did not undertake to pay the debt of Upson, but to pay for materials and labor to be furnished by plaintiff on the defendant's request, for his own particular use and benefit.

2. The evidence is abundantly sufficient to maintain an action on an implied promise, growing out of the facts in the case. To test this, reject the words of the undertaking altogether and rest wholly on the facts.

The plaintiff builds a house for the defendant on his land, with his knowledge and consent, he being present and overseeing the work. A stronger case of implied promise can rarely be found. In *Stocking* v. *Sage,* 1 Conn. Rep. 522, it was held by Swift, Ch. J. as clear law, that implied agreements were not within the statute.

3. The existence of the contract with Upson is only important as furnishing evidence that the work might have been done under it. If the work was in fact done under the contract with Upson the defendant could not be chargeable, but, whether done under the contract with Upson, or on the undertaking of the defendant, was a question wholly for the jury.

4. The case should have been submitted to the jury to determine to whom the credit was given.

The court decided, as matter of law, that the contract of the defendant was collateral. This is on the ground that the work was necessarily done under the contract with Upson, which is the very point that should have been submitted to the jury. There is no clashing of authorities as to the construction of such words. " It is impossible to lay down any " precise rules for the construction of such sort of words, " but it must be left to the jury to determine, upon the " whole circumstances of the case, to whom the credit was " given." Bull. N. P. 250. 1 Saund. 211, a. Rob. on Frauds, 211, 213, 214, 223. *Keate* v. *Temple,* 1 Bos. & P. 158. *Anderson* v. *Hayman,* 1 H. Bl. 120. *Harris* v.

*Huntback*, 1 Burr. 371.  *Matson* v. *Wharam*, 2 Term. R.
80.

5. No case can be found, falling within the provisions of
the statute, where *indebitatus assumpsit* could be main-
tained on the facts alone, but they all rest, and must rest, on
the special undertaking. *Burkmyre* v. *Darnell*, 6 Mod. 249,
1 Salk. 27.  *Jones* v. *Cooper*, Cowp. 227.  *Matson* v.
*Wharam*, 2 T. R. 80.  *Anderson* v. *Hayman*, 1 H. Bl.
R. 120.  *Keate* v. *Temple*, 1 B. & P. 158.  *Chater* v.
*Beckett*, 7 T. R. 201.  *Barber* v. *Fox*, 1 Stark. Rep.
270.  *Kirkham* v. *Marter*, 2 B. & A. 613.  *Fish* v. *Hut-
chinson*, 2 Wils. Rep. 94.

6. This case, clearly, does not fall within the provisions of
the statute of frauds.

" If the promise is founded on a fresh, distinct considera-
" tion moving to the party promising, it seems a perfectly es-
" tablished doctrine upon all the cases, that the statute will
" not extend to it."   There can be no doubt as to the suffi-
ciency of the consideration. It was a loss to the plaintiff,
and as evidently a benefit to the defendant. It is altogether
stronger than any case that can be found in the books which
has been held as not within the statute. *Read* v. *Nash*,
1 Wils. R. 305.  *Harris* v. *Huntback*, 1 Burr. 371.  *Wil-
liams* v. *Leper*, 3 Burr. R. 1886.  *Castling* v. *Aubert*, 2
East's R. 325.  *Anstey* v. *Marden*, 1 New. R. 124.  *Bird*
v. *Gamnon*, 8 B. & C. 395, (32 C. L.)  *Leonard* v. *Vre-
denburgh*, 8 Johns. R. 23.  *Peasley* v. *Spring*, 12 Mass.
R. 297.  *Farley* v. *Cleaveland*, 8 Cowen's R. 432, *Gold &*
*Sill* v. *Philips*, 10 Johns. R. 412.

7. Our claim cannot be resisted, on the ground that the
defendant undertook to answer for the debt of another, for
there was no debt against Upson, and could not have been
till the completion of the house, and if the plaintiff chose to
abandon his contract with Upson, as between him and the
defendant he had a right to do so.   " When the promise is
" prospective to pay the debt of another which may accrue
" in consequence of the very promise which is made, this is
" considered as not affected by the statute."   (Per Parker,
Ch. J. in *Peasley* v. *Spring*.)   If the statute can be made
to apply at all, it is on the ground that the defendant under-
took to answer for the default of Upson : but this is a forced

construction, not warranted by any words used, and evidently not in the thoughts of either party. And beside, executory contracts are not within the statute. Bull. N. P. 280. And a statute has been passed in England to extend the provisions of the statute of frauds to executory contracts. *Hoadley* v. *McLane*, 25 Com. L. 208.

8. The consideration, received by the defendant, would have entitled the plaintiff to recover of him, even on a promise made to Upson to pay the plaintiff. *Dutton* v. *Poole*, 2 Lev. 210. *Martyn* v. *Hind*, Cowp. R. 443. *Marchington* v. *Vernon*, 1 Bos. & P. 101, n. · *Piggott* v. *Thompson*, 3 Bos. & P. 149. *Schermerhorn* v. *Vanderheyden*, 1 Johns. R. 140.

9. The cases decided in Vermont in relation to the statute of frauds do not apply to this case. *Philbrook* v. *Belknap*, 6 Vt. R. 388. *Harrington* v. *Rich*, 6 Vt. R. 666. *Anderson* v. *Davis*, 9 Vt. R. 136.

*Maeck & Smalley* for defendant.

We contend that, as defendant's promise was by parol only, he is not bound.

It is not pretended that any thing more has been done to the house than plaintiff had already contracted with Upson to do. If so, Upson is unquestionably liable to pay to plaintiff the whole amount he now claims against the defendant. That being the case, the defendant is not liable without a note in writing. The rule is well settled that when there is a pre-existing debt or previous liability or some third person responsible to the plaintiff, against whom he may maintain an action, then the defendant's contract is collateral, and must be in writing or it comes within the statute. Chitty on Con. p. 202. 7 Har. & Johns. R. 391, and in note to same page of Chitty. *Barber* v. *Fox*, 1 Stark. Rep. 270, & 2 C. L. R. 386, where the case is precisely similar, except that case extended to future services and not to pay for past also. *Matson et al.* v. *Wharam*, 2 T. R. 80. *Case* v. *Barber*, Th. Raymond, 250. *Read* v. *Nash*, 1 Wils. Rep. 305. *Fish* v. *Hutchinson*, 2 Wils. 94. *Jones* v. *Cooper*, 1 Cowper, 227. *Anderson* v. *Hayman*, 1 H. Black. 120. *Peckham* v. *Farin*, 26 C. L. R. 15. *Coleman* v. *Eyles*, 3 C. L. R. 186, *Dixon* v. *Bloomfield*, 18 C. L. R. 186. *Rogers* v. *Kneeland*, 13 Wend. R. 114. Notes

to the case of *Forth* v. *Stanton*, 1 Saunders, 211. CHITTENDEN,
*Leland* v. *Cregon*, 1 McCord's R. 100. 3 Am. Dig. 303.

The general principle of all the above cited cases, correctly applied, controls this case ; and the case of *Barber* v. *Fox*, 2 C. L. R. 386, is so precisely parallel in fact, that it is believed the court cannot mistake.

The case does not show that the plaintiff's contract, with Upson was rescinded or discharged in consideration of defendant's promise. Could Upson then defend himself if sued upon the contract ? and if not then there is an original debtor still liable and consequently the case comes within the statute.

This case does not come within any exception to the operation of the statute, as in the case of *Goodman* v. *Chase*, 1 B. & A. 297, for there the original debtor was discharged in consequence of the defendant's promise ; nor within that numerous class of cases, where the promise has been held binding in consideration of the creditor's relinquishing some lien, fund or security, as the cases of *Williams* v. *Leper*, 3 Burr. R. 1886. *Bampton* v. *Pauling*, 13 C. L. R. 425. *Castling* v. *Aubert*, 2 East, 325. *Houlditch* v. *Milne*, 3 Esp. N. P. Cas. 87. *Edwards* v. *Kelley*, 6 M. & S. 204.

. The plaintiff in this case, in consequence of defendant's promise, relinquished no lien, parted with no security, gave no new consideration to defendant, nor any one else, but has performed what he was before morally and legally bound to perform. It would seem, that, laying the statute of frauds out of the question, the plaintiff could not recover, as the promise was without any consideration. *Stilk* v. *Meyrick*, 2 Camp. 317. *Harris* v. *Watson*, Peake, 72. Wheat. Sel. Vol. 1, 37, 38. 2 Johns. R. 442.

The promise was clearly void for another reason. . It was not only for future work on the house but also for what the plaintiff had already done under his contract with Upson. This was an entire contract, and if void as to part is void as to the whole, and the plaintiff cannot separate them and recover upon so much as would have been binding if it had not been connected with the other. *Chater* v. *Beckett*, 7 T. R. 197. *Lexington* v. *Clarke*, *et ux.* 2 Ventris, 223. *Featherstone* v.

*Sinclair*
*v.*
*Richardson.*

*Hutchinson,* Cro. Eliz. 199. *Crawford et al.* v. *Morrill,* 8 Johns. Rep. 195. *Loomis* v. *Newhall,* 15 Pick. R. 159.

The opinion of the court was delivered by

COLLAMER, J.—When an agreement is auxiliary to a sub-sisting agreement, which remains in force for the party now claiming on the new contract, then the new contract is collateral to the other, and must be in writing. It is within the statute. But when the first contract is rescinded, super-seded or abandoned, so as not to be in force in the plaintiff's favor, then the new contract is independent and is not within the statute.

When a contract is once made it cannot be *rescinded* but by consent of both parties. But it does not follow that be-cause a man has entered into a contract and entered on its performance, he may not utterly *abandon* and decline to perform it. If he does so, it still remains *unrescinded and in force,* as against him, and damages may be recovered for his non-performance ; yet *he* can have no action thereon. He may, from the employer having become insolvent, refuse to proceed without a guaranty of his credit, but he can enforce no such guaranty unless it be in writing, as it is collateral. He may, from a consideration that the employer has become insolvent and absconded or otherwise become wholly irresponsible, entirely *decline* to proceed any further on the contract with him, preferring to lose what he has done, to completing the contract and losing all. ʼ If in this case a third person make an entire, substantive, independent contract with him to perform the same service, this may be enforced, though not in writing, as it is not collateral. Whether the new contract be auxiliary or independent is a question of fact. If the terms used on the occasion clearly imply that the former contract is to continue and the new one be auxiliary thereto, then it is matter of law that the new contract must be in writing. Such as the saying "proceed and *if he does not pay you I will.*" But if the terms be uncertain, equivocal or ambiguous, then it must always be left to the jury to find whether, in fact, the former contract was to continue or whether the whole was abandoned and the new contract and credit substituted in its place. In this case there was nothing in the terms used, which shows, *as matter of law,* whe-

ther the Upson contract was to continue or not. That was a question of fact for the jury to find. If, from the language used and the other facts, which were or may be put into the case, the jury find that it was understood that the plaintiff was to proceed on his contract with Upson and the defendant was only to pay on the failure of Upson, then the plaintiff cannot recover of the defendant without a writing. But if the jury find it was then understood that the plaintiff wholly *abandoned* his contract with Upson and was to proceed entirely on the employment of the defendant, then the plaintiff should recover of defendant without any writing; and the same facts which would enable him to recover of the defendant would prevent his recovery of Upson.