JACOB G. IRVING *vs.* EDWARD H. SHETHAR ET AL.

Third Judicial District, Bridgeport, Oct. Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The parties were at issue as to whether *H*, who had ordered and received
  certain goods from the plaintiff, bought them on his own account or
  as the mill agent of the defendants; and each party gave a different
  version of a conversation between them at the time said goods were
  ordered, and introduced other evidence relevant to this issue.  *Held*
  that inasmuch as there was no written instrument or other evidence
  which, of itself and as matter of law, established the agency, the
  question of its existence was one of fact depending upon all the evi-
  dence in the case; and therefore the trial court erred in instructing
  the jury to render a verdict for the plaintiff if they found his ver-
  sion of the conversation more probably correct than that given by
  the defendant.  (*Two judges dissenting.*)
Where a party's account books are laid before the jury, it is for them
  and not for the witness to say whether two accounts therein were
  kept in the same way.
The defendants claimed that *H* leased and ran the mill, and that they
  merely sold the product as commission merchants; and testified
  fully as to all that was said between them and *H* leading up to that
  relation.  *Held* that the trial court did not err in refusing to permit
  one of the defendants to testify that *H* had previously and repeat-
  edly asked the defendants to take his output if he should start in
  business.
The unauthorized and careless use of the "common counts" noticed
  and censured.

Argued November 2d, 1898—decided January 26th, 1899.

ACTION for goods sold and delivered, brought to the Court
of Common Pleas in Fairfield County and tried to the jury
before *Curtis, J.;* verdict and judgment for the plaintiff, and
appeal by the defendants for alleged errors in the rulings and
charge of the court.  *Error, judgment set aside and new trial
granted.*

The action was originally brought against Hill and She-
thar.  Before trial Hill was dropped and Sanford was cited in
and appeared as codefendant.

The complaint consisted of two counts, but as the verdict

was in favor of the defendant upon the second count, it is unnecessary to notice it further. The first count was the common count for goods sold and delivered, except that it alleged that the goods specified in the plaintiff's bill of particulars "were sold and delivered to said Shethar and Sanford through their agent, R. M. Hill." The agent here named is the person who was dropped as codefendant. Under this count a bill of particulars of the goods claimed to have been sold and delivered, was filed, amounting to $249.51. The answer was a general denial.

On the trial of the case the plaintiff claimed to have proved that he sold and delivered the goods in question, to the firm of Shethar and Sanford, upon the personal direction of Shethar "to deliver any goods ordered by those in charge of the Jno. W. Green factory, so-called, until he notified him to the contrary"; that the plaintiff was not notified to stop furnishing goods to said factory while said bill was being contracted; and that said factory, during the period in which said goods were ordered, was conducted by Shethar and Sanford as principals, and that Hill, who had personal charge over said business, was merely their agent.

The defendants claimed to have proved that Shethar never directed plaintiff to deliver goods, as claimed by the plaintiff; that Shethar merely told the plaintiff that he would be responsible for goods purchased by Hill for use in said factory during one week; that the business conducted at said factory was the business of Hill, and Shethar and Sanford had no interest therein; that the business carried on there by Hill was the manufacture of hats; that Hill succeeded Green there in the same business, and that the defendants, as commission merchants, had sold for Green the product of this factory.

On the trial, Danielson, the bookkeeper of the defendants, was put upon the stand by them, and testified to the accounts kept by the firm with Hill and Green, showed the accounts in the original books, and testified that the accounts were kept as all commission accounts are kept. He was then asked whether Hill's account and Green's account had been

kept in the same way. This was claimed as tending to show the relation of the firm as commission merchants to the factory. The question was objected to and excluded.

The defendants offered evidence to show that the business carried on at the factory by Hill, after Green went out of business, was Hill's business, and that the defendants merely sold his output as commission merchants. As tending to prove this, the court permitted the defendants to show all the negotiations that had taken place between themselves and Hill which had resulted in his taking the factory and constituting them his agents to sell on commission. As further evidence tending to prove this state of facts the defendants offered to show by Mr. Shethar that Hill, at other times prior to the negotiations aforesaid, and without reference to this factory, had asked them whether if he started in business they would take his output to sell on commission. This evidence the court upon objection excluded.

The charge of the court and the assignments of error in relation thereto, are sufficiently stated in the opinion.

*Howard W. Taylor* and *Granville Whittlesey*, for the appellants (defendants).

*Lyman D. Brewster* and *Samuel A. Davis*, for the appellee (plaintiff).

HAMERSLEY, J. The first six assignments of error are based upon the exclusion of the evidence of the witnesses Danielson and Shethar, as detailed upon the record. Danielson, the bookkeeper, had testified fully as to the accounts kept by the defendants with Hill, for the purpose of showing that the defendants were merely Hill's agents to sell his goods upon commission. He had testified that this account had been kept as all such accounts are kept between a commission house and its principals. These commission accounts of the defendants with Hill, and Green, and others, were shown by the witness to the jury in the original books. After this had been done, the witness was asked whether Hill's ac-

count and Green's account had been "kept in the same way," that is, as we understand the question, as commission accounts are kept. As Green's account was confessedly a commission account, the witness had already in effect answered the question in the affirmative, in saying that Hill's account had been kept as all commission accounts were kept. The ruling therefore did the defendants no harm. Independently of this, however, we think the ruling was correct. Both accounts in the original books were before the jury, and it was for them to say whether the accounts had been "kept in the same way."

The witness Shethar, for the purpose of proving that the defendants were merely the commission agents of Hill, was permitted to testify fully as to all that was said between Hill and them in the negotiations that lead up to and resulted in the relation which the defendants claimed to have existed between Hill and themselves. He was then in effect asked whether at any time prior to these negotiations—how long before did not appear—Hill had not repeatedly asked defendants whether, if he should start in business, they would not take his output. The testimony called for by this question might properly be excluded. The offered evidence merely tended to prove that at some time before Hill and the defendants actually entered into a certain relation, he had a desire to enter into that relation, in a certain contingency. This evidence was offered as tending to show that at a subsequent time he in fact entered into such a relationship with them, and for such a purpose it was irrelevant, unless circumstances stronger than those detailed in the record indicated a relation between the prior conversations and the subsequent arrangement.

The errors in the charge to the jury, assigned by the appellant, are next to be considered.

The questions are not presented as clearly as they should be, owing in part to the inexcusable misuse of the complaint called "the common counts." We have had occasion recently to call attention to the limitations of this form of complaint. *New York Breweries Corporation* v. *Baker*, 68 Conn. 337, 342.

Trial courts should be more stringent in purging their records of such careless and unauthorized pleading.

We treat this complaint as alleging only, in the first count, a sale and delivery of goods, as specified in the bill of particulars, by the plaintiff to the defendants, through R. M. Hill the agent of the defendants; and in the second count, a similar sale and delivery of goods by one George B. Sherman, to the defendants, and the assignment by said Sherman of his claim against the defendants to the plaintiff. These allegations were denied by the defendants. The jury returned a verdict for the plaintiff upon the first count, and for the defendants on the second count.

The verdict of the jury on the first count must have been based on their finding for the plaintiff the only fact in controversy, to wit, the agency of Mr. Hill in the sale and delivery of the goods specified. A sale and delivery of the goods was not questioned. It was conceded that the goods were sold upon the order of Hill and were delivered to Hill. The contention was whether in ordering the goods sold and in receiving the goods delivered, Hill acted as the agent of the defendants.

This view of the issue is emphasized by the fact that the action was originally brought against the defendant Shethar and R. M. Hill, jointly,—and that the plaintiff in his motion to drop Hill as a codefendant and to cite in Sanford, alleges that Sanford was a partner of Shethar and that the contract sued upon was made with the partnership and not with the defendant R. M. Hill; and then amends his complaint so that it simply alleges a sale and delivery of goods to Shethar & Sanford through their agent R. M. Hill.

The plaintiff claimed that the evidence established facts which supported the agency; the defendants claimed that the evidence established facts inconsistent with the agency. But it was admitted by all that there was no sale and delivery to the defendants, unless the agency was established.

The respective claims upon all the evidence are stated in the finding, substantially as follows: The plaintiff claimed to have proved that he sold and delivered the goods to the firm

of Shethar & Sanford, upon the personal direction of Edward H. Shethar to deliver goods ordered by those in charge of the factory; that the factory was conducted by Shethar & Sanford, as principals, and that Hill who had personal charge of the business was merely their agent.

The defendants claimed to have proved that the firm did not purchase the goods, but guaranteed for a specified time the payment of goods sold to Hill for use in the factory; and that the business conducted at the factory was the business of R. M. Hill alone.

The judge rests the claim of express agency upon the testimony of the plaintiff, Mr. Irving, and states the testimony to the jury substantially as follows: Mr. Irving testifies that in August (just after the change of management from Green to Hill) Hill, Green and Shethar came to his place of business and inquired about goods for use in the factory; that Shethar questioned him about the price and told him that Hill was going to have charge; that as they were leaving his office he called Shethar back, and told him that the matter as it then stood, from what he had already heard, was not quite satisfactory to him, and he would like to know to whom to look for payment for goods sent to that factory; that Shethar said, "You may deliver any goods that may be ordered until I notify you to the contrary;" that he, Irving, then said, that would be perfectly satisfactory, as Shethar and Sanford were good enough for him; that Shethar said, "Thank you," in acknowledgment of this statement; that thereupon he accepted orders from Hill, selling the goods upon the credit of Shethar & Sanford, basing that action upon the statement of Shethar; that he entered the charges in his book against Hill, because it had been stated to him that Hill was to have charge of the factory.

Mr. Shethar's account of the transaction was, that when Irving called him back he told him that he would guarantee the account for one week, and that he was to be notified at the end of the week.

It is plain that the true meaning of this conversation as reported by Mr. Irving may be affected by other testimony. It

is capable of supporting the claim of agency; it is also capable of supporting the claim of guaranty. The plaintiff urged the one; the defendant the other. Much the larger portion of the charge is occupied with detailing the evidence as to what the judge calls the plaintiff's second distinct claim, *i. e.* that the business conducted by Hill was the business of Shethar & Sanford. If the jury were satisfied upon this evidence that the goods were bought for a business conducted by Hill alone, that fact would properly have weight in passing upon the true meaning of the conversation between Irving and Shethar. After detailing Irving's statement, the judge says: "If you find it to be true that this conversation took place as Mr. Irving details it, and that Mr. Irving thereupon delivered goods upon the credit of Shethar & Sanford, and made these charges upon his book against R. M. Hill, as he says, merely because Mr. R. M. Hill was in charge of the factory there,—if you find those facts to be true,—then those facts would explain, and are proper for you to consider as explaining, this entry in his books against R. M. Hill; and your verdict should be for the plaintiff, Mr. Irving, upon that claim."

Here the judge seems to tell the jury that the conversation detailed by Irving proves the agency claimed; at all events he excludes from their consideration the possibility of that conversation, in connection with other evidence, proving no more than a promise to pay the debts of Hill.

Again, after detailing the testimony of Shethar, the court says: "So, gentlemen, your finding upon that claim of Mr. Irving's (*i. e.* the claim of express agency) will depend upon whether you find Mr. Irving's statement of that transaction more probably true than the statement of Mr. Shethar." And upon the final presentation of the issue to the jury, the court says: "Mr. Irving, then, has two claims before you. First, as to what took place between him and Mr. Shethar. . . . If you find that Mr. Irving's claim, as I have previously outlined it, in respect to that feature of the case is good—find it to be true—then you should give Mr. Irving a verdict upon that **first count.** . . . If you find that Mr. Irving's claim as to

Irving *v.* Shethar et al.

that feature of the case is not sustained, and you do not find it to be true, then—if you find that Shethar & Sanford were the principals in the business—Mr. Irving is entitled to recover at your hands."

The question at issue was, did Mr. Hill act as the agent of the defendants in respect to the purchase and receipt of the goods? It was immaterial, except as affecting the weight of testimony, whether that agency was confined to particular purchases, or included the whole business conducted by Hill. There was no writing or other evidence which by itself and as a matter of law established the agency, limited or general. The proof of its existence must be found in the acts and conduct of the parties, and is a question of fact depending upon all the evidence in the case. *Torry* v. *Holmes,* 10 Conn. 499, 513. When, therefore, the court told the jury to render a verdict for the plaintiff if they found Mr. Irving's statement of a conversation between him and Mr. Shethar more probably correct than that of Mr. Shethar, the real issue was not fairly presented. If the statement of Mr. Irving was the more probable one, there still remained for the jury the question of fact whether the conduct of the parties as described by Mr. Irving, in connection with all the evidence in the case, proved the agency alleged in the complaint. This question the court seems to have entirely withdrawn from the jury.

There is error, the judgment of the Court of Common Pleas as to the first count is set aside and a new trial granted.

In this opinion BALDWIN and HALL, Js., concurred; ANDREWS, C. J.,and TORRANCE, J., dissented.