THE INDIANA BICYCLE COMPANY *vs.* CONSTANT L. TUTTLE.

First Judicial District, Hartford, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The defendant guaranteed in writing the payment of goods purchased
on credit by *O* of the plaintiff, to an amount not exceeding $500,
the instrument expressly providing that it should " be held as a
continuing guaranty " for all goods then sold or which might there-
after be sold to said *O*, " until further notice from " the guarantor.
*Held* that until the defendant saw fit to give the plaintiff notice of
a revocation of the guaranty, it covered all sales made by the plain-
tiff to *O*, whenever and however made; and that oral evidence was
inadmissible upon the part of the defendant to show that the guar-
anty was to be limited to a single year.

The question whether a person was an agent for a given purpose is to
be determined by the trial court from the evidence, and its conclu-
sion must stand unless the record discloses error in reaching it.

Submitted on briefs January 9th—decided March 5th, 1902.

ACTION to recover the balance of a merchandise account
guaranteed by the defendant, brought to the Court of Com-
mon Pleas in Hartford County and tried to the court, *Peck, J.;*
facts found and judgment rendered for the plaintiff for $256,
and appeal by the defendant for alleged errors in the rulings
and findings of the court.    *No error.*

The following are the material facts found : The plaintiff,
a corporation located in Indiana and engaged in the bicycle
business, made a written contract with George N. Olmsted,
in March, 1898, by which Olmsted took the agency for the
sale of the plaintiff's goods at Hartford in this State.    This
contract contained no time limit, but it was therein expressly
provided that it might be terminated " at any time on written
notice by either party to the other."    Before the plaintiff
would enter into this contract, it required Olmsted to send
to it a written contract of guaranty; and thereupon Olmsted
requested the defendant to execute and deliver to the plain-
tiff the contract sued upon, dated March 9th, 1898, and this
being done, the plaintiff executed the contract with Olmsted.

The material parts of the contract sued upon are as follows:

" To Indiana Bicycle Company, Indianapolis, Ind. :

" Dear Sirs : In consideration that you will sell and deliver on credit to George N. Olmsted of Hartford, County of Hartford, State of Connecticut, bicycles, bicycle parts, sundries, and other articles connected with or pertaining to bicycles, I hereby guarantee the payment to you of the price of and value of said bicycles, sundries, and other articles at the time or times of payment agreed upon by said George N. Olmsted to an amount not exceeding $500. This shall be held as a continuing guarantee by him in your favor for all such bicycles, sundries, and other articles that you have sold or that you may from time to time sell and deliver to said George N. Olmsted, until further notice from me. . . . And whenever George N. Olmsted owes you any sum whatever for any of the bicycles, sundries, or other articles above mentioned, and the same becomes due and payable, I am to pay the same on demand if the said George N. Olmsted does not pay the same when due. My liability to be limited to the said sum of five hundred dollars."

The negotiations between the plaintiff and the defendant Olmsted which resulted in said contracts, were conducted on behalf of the plaintiff by one Hoblett, its agent to establish agencies for the sale of its goods ; but in performing this duty Hoblett had no authority to make contracts on behalf of the plaintiff, nor to bind it thereby. Pursuant to its agreement with Olmsted, the plaintiff, during the year 1898, sold and delivered its goods to him on credit, at Hartford, from time to time as required. In December, 1898, the plaintiff and Olmsted entered· into another contract, which in terms rescinded the prior one, and was in its provisions similar to that. This second contract was negotiated by Hoblett, as agent for the plaintiff, substantially in the same way as the first had been. When this second contract was made Olmsted was not indebted to the plaintiff, except for a small balance evidenced by a note which was paid at maturity. In February, 1899, Hoblett had a conversation with the defendant in which Hoblett said, in substance, that Olmsted was a good man, had sold a large number of wheels for the plaintiff in 1898,

Indiana Bicycle Co. *v.* Tuttle.

and had settled in full with the plaintiff and did not owe it a cent. The defendant then said to Hoblett, "Cancel the bond then." Hoblett replied, " I will," " All right," or some similar expression of assent.

In March, 1899, Hoblett requested the defendant and his partner to sign a new guaranty for Olmsted, stating that Olmsted had settled in full for the previous year, "and that the guaranty had been canceled." They refused to sign the proposed guaranty. The plaintiff continued to deal with Olmsted under the second contract during the year 1899, and during that year Olmsted defaulted in his payments to the plaintiff in the sum of $232.48. During each of the years 1898 and 1899 the total liability incurred by Olmsted to the plaintiff, and the payments made by him upon such liability, exceeded $500. Defendant gave no notice to the plaintiff of the termination of the contract of guaranty, unless the above mentioned direction to Hoblett to " cancel the bond " constitutes such notice. " Hoblett had no authority to receive such notice for the plaintiff." Upon the trial the defendant, on his direct examination, was asked to state the circumstances under which he signed the guaranty contract, and answered as follows: " Sometime, I think in February, 1898, Mr. Olmsted asked me if I would go his surety for the year 1898 on a bicycle bond." This answer was excluded, on the ground that it tended to vary the terms of the written contract. The defendant afterwards testified, without objection, that Hoblett told him the guaranty was for 1898, and that he supposed it was a bond for a year. On the trial below the defendant claimed as matter of law (1) that the guaranty was not a continuing one ; (2) that, when in 1898 Olmsted had incurred and paid to plaintiff an indebtedness of $500, the guaranty was exhausted; (3) that the notice given by the defendant to Hoblett to cancel the guaranty was sufficient. The court overruled these claims.

*Percy S. Bryant* and *Hugh M. Alcorn*, for the appellant (defendant).

*George G. Sill*, for the appellee (plaintiff).

TORRANCE, C. J.　The principal questions in this case are whether the guaranty sued upon was one which continued "until further notice" from the defendant to the plaintiff, and whether the defendant gave that notice before the indebtedness sued for was incurred.　The first question must be answered in the affirmative.　The contract provides in express terms that it shall be a continuing guaranty in favor of the plaintiff, to the amount of $500, until further notice from the defendant to the plaintiff; and there is nothing in the contract, or in the facts found, to detract from the force of this express provision.　The guaranty is not limited to the time covered by any contract of agency between the plaintiff and Olmsted, nor does it allude or refer to any such contract.　It covers all sales contemplated in it, made by the plaintiff to Olmsted after its delivery and before notice, however and whenever made.　In short, the guaranty continued during the pleasure of the defendant, and it covered all sales made by the plaintiff to Olmsted during that period of time; but the defendant's liability under it could never exceed $500.　In this sense the guaranty was a continuing one and the trial court, upon the facts found, did not err in so holding.

The defendant claimed in the trial court, and now claims, that the notice he gave to Hoblett in February, 1899, to "cancel the bond," was notice to the plaintiff that the guaranty contract was at an end; and the next question is, assuming this was such notice to Hoblett, whether it was also such notice to the plaintiff.　It was if Hoblett was the agent of the plaintiff for that purpose, otherwise not.　Whether Hoblett was the agent of the plaintiff for such purpose was a question to be determined by the trial court from the evidence, and it has found that he was not.　There is nothing upon the record, including the evidence certified, to show that the court erred in coming to that conclusion, and it must stand as found.　It follows that up to the time when Olmsted made default in his payments to the plaintiff in 1899, the defendant had given no notice to the plaintiff that the guaranty was at an end, and that the guaranty covered the indebtedness sought to be recovered in this suit.

The evidence excluded, if offered, as it appears to have been, to prove a guaranty for the year 1898 alone, was rightly excluded, on the ground that such evidence could not prevail over the words of the written instrument.

There is no error.

In this opinion the other judges concurred.