### JOSEPH RUSSO *vs.* THOMAS E. MCAVINEY.

Third Judicial District, Bridgeport, January Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

An employee's authority to operate a motor-vehicle for his employer may exist where it is not express but is fairly to be implied from the nature of his employment, his duties for his employer and the manner in which he has performed such duties with the employer's knowledge.

The law presumes that an employer intends his employee to have such powers as are reasonably necessary for him to carry on his work for the employer, and such other powers as are reasonably necessary to enable him to carry into effect the powers thus implied.

Proof of agency is ordinarily a question of fact, but may become a question of law when the facts are undisputed.

In an action for damages for injuries caused the plaintiff by the negligent operation of a motor-vehicle by the defendant's employee, it appeared that the defendant's son was in his employ as salesman and collector and as such was accustomed to use one of his three or four automobiles. On the day of the accident the son took the car he was accustomed to use to a repair shop for repairs and obtained a car from the repairman for his use in his work during the day. The accident occurred while he was on his way to return the car at the close of his day's work. The defendant offered evidence to prove that he had insured the risk of liability from the negligence of drivers of the automobiles owned by him, and he and his son both testified that the son was not in his employment at the time of the accident. *Held:*—

1. That in order to recover the plaintiff must establish by a fair preponderance of the evidence that the son's tortious act was done in the execution of the defendant's business within the scope of his employment and that this required proof of express or implied

authority to use not merely any automobile but the particular automobile which he did use.

2. That the jury under proper instructions might fairly have found the act of borrowing the automobile to be the natural and ordinary act for the ordinarily competent and prudent person, conducting the work as the son was permitted to conduct it and in the light of the circumstances presented to him, and that therefore his use of this automobile was within the scope of his employment and impliedly authorized.

3. That since the underlying question on this point was whether the son had the defendant's implied authority to use the borrowed automobile, it was error to instruct the jury that if they found the son had authority to use an automobile in his duties it would make no material difference whether the automobile used was borrowed or was owned by the defendant.

The accident in question was a collision between the motor-vehicle driven by plaintiff and that driven by the defendant's son and occurred at the intersection of two streets. The trial judge correctly instructed the jury as to the statutory provisions defining the rule of the road for such a situation and then gave an instruction that if they found that the defendant's son violated the statutory provisions defining the rule of the road where one person meets another traveling on the same highway in the opposite direction and that such violation was the proximate cause of the plaintiff's injury, they might find the son negligent because of such violation. *Held* that the second rule of the road stated to the jury should not have been called to their attention unless it was to point out plainly that it had no relevancy to the situation disclosed to them, and as the instruction might have influenced their verdict it was error necessitating a new trial.

Argued January 20th—decided February 21st, 1921.

ACTION to recover damages for injuries to the person of the plaintiff and to his motorcycle, alleged to have been caused by the negligence of the defendant's son and servant while engaged upon the defendant's business, brought to the Superior Court in New Haven County and tried to the jury before *Hinman, J.;* verdict and judgment for the plaintiff for $2,800, and appeal by the defendant. *Error and new trial ordered.*

*Arthur B. O'Keefe* and *William L. Hadden,* for the appellant (defendant).

*Philip Pond,* for the appellee (plaintiff).

WHEELER, C. J. The defendant requested the court to direct a verdict in his favor, since there was no evidence from which the authority of the defendant's son Walter to borrow the car of Hoffman and Thim could be found.

If the defendant is right in his interpretation of the evidence, the verdict ought to have been so directed. There was no evidence offered from which an express authorization could have been found. Hence the authority of the son to borrow this car must be implied, that is, it must arise out of the circumstances present.

The court instructed the jury that the plaintiff must prove that the son was at the time of the accident in the defendant's employ, and engaged in his business, and acting within the scope of his authority as an employee. "The general rule is," said the court, "for all acts done by a servant in obedience to the express orders or directions of his master, that is, his employer, or in the execution of the master's business, within the scope of his employment, and for acts warranted by express or implied authority conferred upon him, considering the nature of the services required, the instructions given, and the circumstances under which the act is done, the master is responsible. . . . To state this rule in another way, the law not only renders a person liable for negligent acts done by himself personally, or by another acting under his express direction, but. also makes a master liable for negligent acts . . . done in the execution of the master's business for which the servant had been employed."

Applying these instructions to the case in hand, the court instructed the jury that if they found the son was at the time of the accident the employee of

defendant, and that his act in driving the automobile was done in the course of the defendant's business, and that the authority from the defendant for the son so to do was fairly to be implied from the nature of his employment and his duties for the defendant and the manner in which he had performed them with the knowledge of the defendant, the liability of the defendant caused by the negligent operation of the automobile must follow.

No complaint is made of the charge in these particulars. It follows our rule, and this was dictated by considerations of public policy. *Stone* v. *Hills*, 45 Conn. 44, 47; *Turner* v. *American District Tel. & Mes. Co.*, 94 Conn. 707, 712, 110 Atl. 540; *Stuart* v. *Doyle*, 95 Conn. 732, 112 Atl. 653. Applied to this case, the rule required the plaintiff to establish by a fair preponderance of the evidence that the tortious act of the defendant's employee was done in the execution of the defendant's business within the scope of his employment. He could not establish this unless he proved that the defendant's employee acted with the defendant's implied authority, not to use an automobile in his business, but the automobile which he did use in his business.

Proof of agency is ordinarily a question of fact. *Irving* v. *Shethar*, 71 Conn. 434, 441, 42 Atl. 258; *Indiana Bicycle Co.* v. *Tuttle*, 74 Conn. 489, 492, 51 Atl. 538; 2 Mechem on Agency (2d Ed.) §§ 1879, 1887, 1916; 18 R. C. L. p. 795, § 254. When the facts are undisputed it may then become a question of law.

In this case upon this point, under adequate instruction, the jury found for the plaintiff, and hence found the existence of this implied authority from the defendant. And their finding is conclusive unless it be so unreasonable as to be unjustified in law. This will occur when the finding is made without evidence or

contrary to the evidence. There was evidence before the jury directly or by inference tending to prove these facts: The son Walter was at the time of the accident engaged in the defendant's employment and fulfilling the duties connected with his regular employment as salesman and collector. He was accustomed to use in his work one of the defendant's three or four automobiles used in the business. On the morning of the day of the accident he took the car of the defendant which he was accustomed to use, from the defendant's garage to Hoffman and Thim's repair shop, and left it there for repair. Hoffman and Thim were accustomed to do the repair work on the defendant's cars. The defendant and his son both testified, and neither suggested that the son did not have authority to take this car to the repair shop, and neither testified as to any instructions ever given the son by the defendant in the use of his cars, or forbidding him to use any other car in his work for the defendant. After leaving the car for repair, the son got a car of the same kind as that he left from Hoffman and Thim, and continued to use this during the day in his work in the defendant's employment, and at the time of the accident was on the way to Hoffman and Thim's to return this car.

The evidence amply warranted the finding that the son's employment required the use of an automobile, and that it was natural and reasonable for him to obtain a car to take the place of the car he had been using, and to get this from the firm which did his father's repair work.

If these were all the facts, a conclusion that the son had implied authority to borrow this automobile of Hoffman and Thim could reasonably be drawn. But the defendant introduced evidence to prove that he never authorized his son to borrow a car from Hoffman and Thim, and never authorized them to let

his son have this Ford automobile. If credited, this would rebut a claim of express authority, but none such is made in this case. We are concerned with ascertaining whether there existed an implied authority.

The defendant also offered evidence to prove that he had insured the risk of liability because of the negligence of the drivers of his automobiles or his employees in connection with their operation in his business. And his argument is that it is unreasonable to conclude that he would authorize the use of a car for which he had no insurance in place of one of his own cars for whose use he was insured.

It does not appear in the case that the defendant's other cars could have been used by the son; indeed, the conduct of the business so far as it appeared seems to indicate the contrary. If the car which was being repaired was the only car the defendant's son could use, and the need of a car in doing his day's work was a fact in the case, it would not follow that the defendant preferred to have his son do his work without a car rather than have him use a car other than the defendant's own.

The best the defendant could ask would be that the fact that his other cars were insured should be weighed by the jury with the other evidence. This is not all of the evidence which was before the jury. They were at liberty to draw certain inferences, which may have had controlling weight in influencing their decision upon this point. The defendant and his son both testified that the son was not in the defendant's employment at the time of the accident. We have read the evidence with care, and with deliberation reached the conclusion that the jury might well have found the contrary, and reasonably have drawn the inference that they so testified for the purpose of making it appear that the son was not at the time of the accident

engaged in the execution of the defendant's business, and thus testified to help the defendant to secure a verdict. If the jury drew this inference, they could legally disregard the testimony of the defendant and his son. And properly, too, they might infer that it went a long ways in helping to establish that the son was using this automobile with the implied authority of the defendant. Clearly the tortious act of the son was done in the execution of the defendant's business, and we think the jury might fairly have found that in the use of this automobile he was within the scope of his employment. The test for the jury was this: Was the act of borrowing the automobile the natural and ordinary act for the ordinarily competent and prudent person conducting this work as the son was permitted to conduct it and in the light of the circumstances as presented to him? 1 Mechem on Agency (2d Ed.) § 715; 2 Corpus Juris, p. 580, note 86. And in applying this test it must be remembered that the law presumes that the defendant employer intended that his son, his employee, should have such powers as were reasonably necessary for him in order to carry on his work for the defendant, and such other powers as were reasonably necessary to enable him to carry into effect the powers thus implied. 1 Clark & Skyles on the Law of Agency (1st Ed.) p. 526 (b).

Defendant's counsel rely upon the case of *Wilson* v. *Pennsylvania R. Co.*, 63 N. J. L. 385, 43 Atl. 894. It is distinguishable from this case. There the employee changed the usual method of conveyance of the mail; here the employee followed the same method, merely securing a like instrumentality in place of the one disabled.

The third, fourth, fifth and sixth assignments of error furnish the basis of another of the seriously pressed errors, and that is the charge that if the jury

find that the defendant violated the statutory provision that any person who shall meet another walking in the traveled portion of a highway, or driving or operating a vehicle therein, shall slacken his pace, if necessary, and seasonably turn to the right on meeting a person or team traveling on the same highway in the opposite direction, and that this violation was the proximate cause of the plaintiff's injury, they might find the defendant negligent because of such violation.

The accident happened at the intersection of two streets, and the statutory duty is precisely defined and was properly placed before the jury. The statutory violation referred to in the portions of the charge contained in these assignments of error was not involved in the case and should not have been given the jury. The trial judge, in his memorandum upon the motion to set aside the verdict, says that the telling the jury that the obligation to turn to the right was confined to a meeting of persons traveling on the same highway in the opposite direction, was equivalent to instructing them that the rule did not apply to vehicles traveling on different highways, not in opposite direction on the same street, but approaching the intersection of two streets.

It may be possible to so construe the charge, but we fear that when the jury were told, in effect, that if they found this violation the proximate cause of the accident they might, in the absence of contributory negligence in the plaintiff, render a verdict for the plaintiff, they may have understood that this violation was a proper consideration for them, and rendered their verdict in whole or part influenced by it. If the court said anything concerning this claim of the plaintiff, it should have plainly told the jury that the claim had no relevancy.

The tenth assignment of error, incorrectly referred to in the brief of the defendant as the eleventh, relates to the charge that if the jury found that the son habitually used the defendant's automobile in his business and with his knowledge, they might find that the son had the defendant's implied authority to use an automobile at the time of the accident, was manifestly right. The charge related to the use of an automobile, not the automobile borrowed from Hoffman and Thim. But the court then instructed the jury that if they found the son had authority to use automobiles in the course of his duties, it would make no material difference whether the automobile used was owned by the defendant or borrowed from Hoffman and Thim. This we think erroneous.

The underlying question upon this point was whether the defendant had given his son implied authority to use the automobile he borrowed from Hoffman and Thim. And this was to be determined under the rule of implied authority, which the court had already correctly given the jury.

There is error and a new trial is ordered.

In this opinion the other judges concurred.