THE ALFRED FOX PIANO COMPANY *vs.* JOHN J. BENNETT, ADMINISTRATOR.

Third Judicial District, New Haven, June Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

Where a conditional bill of sale gives the vendor the option of treating the agreement as a sale in fact entitling him to recover any balance due, the bringing of an action against the vendee is an election by the vendor to exercise the option and no other notice is necessary.

The defense to an action on an agreement for the sale of a piano made with the defendant's intestate was false representations concerning the piano made by the plaintiff's agent. The defendant offered evidence of representations made by one S, to which the plaintiff objected until the agency of S to act for the plaintiff was established. The defendant then offered testimony that when he and his intestate went to the plaintiff's store, he said to an officer of the plaintiff, "Your agent was over there and told us of a piano that was supposed to be here yesterday, and I want to see the piano," to which the officer replied, "Yes, right down this way." The evidence was excluded since the court was not satisfied that the officer's reply constituted an admission of S's agency. *Held* that there was no error, since the officer's failure to deny that S was the plaintiff's agent was not an admission that S was its agent and authorized to sell the piano, or authorized to make representations concerning its condition, age and quality.

Submitted on briefs June 7th—decided July 22d, 1921.

ACTION to recover the unpaid balance of the purchase price of a piano, with interest, brought to and tried by the Court of Common Pleas in Fairfield County, *Booth, J.;* facts found and judgment rendered for the plaintiff for $571, from which the defendant appealed. *No error.*

*Robert L. Munger,* for the appellant (defendant).

*Carl Foster* and *Frederick E. Morgan,* for the appellee (plaintiff).

WHEELER, C. J. The plaintiff sold the defendant's decedent a piano under a conditional bill of sale, the last paragraph of which reads as follows: "It being understood and agreed that the said party of the first part [vendor], at its option, may treat this agreement to sell as a sale in fact, and be entitled to recover any balance due thereon."

The complaint alleged that the plaintiff exercised its option to treat the conditional agreement as a sale. The bringing of this action was an election by plaintiff to treat the conditional agreement as a sale of the piano, without notice to decedent of such election other than by bringing this action. *Crompton* v. *Beach,* 62 Conn. 25, 37, 25 Atl. 446; *Beach's Appeal,* 58 Conn. 464, 20 Atl. 475.

The defendant's third defense was that the plaintiff, by its officers and agents, made certain false representations concerning the piano, which the decedent believed to be true and in reliance upon which he executed the agreement upon which plaintiff sues.

The only assignment of error which the defendant pursues is the ruling of the court excluding the evidence of the witness Bennett. The defendant offered to prove by Mr. Bennett that a Mrs. Seeley first brought the

fact that the plaintiff had this piano for sale to the attention of the defendant's decedent, and made to him certain representations as to the condition, age and quality of the piano. The plaintiff objected to any testimony of the representations made by Mrs. Seeley, until the fact that she then was the agent of the plaintiff had been established. The witness testified that when he went to the plaintiff's store he said to Mr. Fox, of plaintiff company: "Your agent was over there and told us of a piano that was supposed to be here yesterday, and I want to see the piano." And Mr. Fox replied: "Yes, right down this way." This was all the proof that Mrs. Seeley was the agent of the plaintiff which defendant offered. The court excluded this evidence of what Mrs. Seeley said, because it was not satisfied that this constituted an admission that Mrs Seeley was the agent of the plaintiff. The ruling was correct. The fact that Mr. Fox did not deny at the time that Mrs. Seeley was the plaintiff's agent, was not an admission that she was its agent and authorized to sell this piano, or to make representations concerning its condition, age and quality. If Mrs. Seeley endeavored to sell this piano to the defendant's decedent, the defendant could have proved this fact. If she had made, or endeavored to make, other sales for the plaintiff, it ought not to have been difficult to have proved these instances. The proof of the existence of an agency is generally found in the acts and conduct of the parties. *Irving* v. *Shethar*, 71 Conn. 434, 441, 42 Atl. 258. Apparent or ostensible authority for Mrs. Seeley to act for the plaintiff, was not attempted to be proved. There was no obligation upon the plaintiff to deny Mr. Bennett's statement that Mrs. Seeley, the plaintiff's agent, told the decedent that the plaintiff had a piano for sale. Had the statement been that Mrs. Seeley, the plaintiff's agent, offered to sell one of the plaintiff's pianos to the defendant's decedent, and made

representations as to its condition, age and quality, and as a consequence he had come to look at the piano, Mr. Fox would have been put on his guard as to what these representations were, and if he remained silent might reasonably have been held to have admitted that Mrs. Seeley was the plaintiff's agent, authorized to make such representations, provided he heard and understood the statement made, and the truth of the facts embraced in the statement were within his knowledge, and the situation was such that he was at liberty to reply, and the circumstances under which the statement was made naturally called for a reply if he did not intend to admit its facts.  *Commonwealth* v. *Kenney,* 53 Mass. (12 Metc.) 235, 237.  The statement made to Mr. Fox was not of this character, and the conditions necessary to make the evidence admissible were not present in the offer.

There is no error.

In this opinion the other judges concurred.