W. T. RAWLEIGH CO. *v.* EDWARD W. KENT ET AL.

January Term, 1928.

Present:  WATSON, C. J., POWERS, SLACK, MOULTON, JJ., and SHERBURNE, Supr. J.

Opinion filed October 3, 1928.

*Watson & McFeeters* for the plaintiff.

*Stanley C. Wilson* and *March M. Wilson* for the defendants.

WATSON, C. J. This is an action of contract, based on a written contract of guaranty, signed by defendants Edward W. Kent, Russell Burridge, and Guy A. Osha, under seal, dated January 2, 1925. As grounds of defense, they answer: (1) General denial; (2) payment by defendants; (3) payment by Neff; and (4) the substitution of the 1926 contract of guaranty for that of 1925, by force of which the defendants were discharged from its obligations. The sufficiency of the complaint was not challenged. A trial was had by jury, resulting in a verdict for defendants. The case is here on plaintiff's exceptions to certain rulings on the admissibility of evidence, to overruling plaintiff's motion for a directed verdict in its favor, to submitting the case to the jury, and to the charge of the court. A certified transcript of the evidence and the proceedings at the trial, including the charge, and all the exhibits in the case, are

referred to as a part of the bill of exceptions, and made controlling.

The essential facts are as follows: The plaintiff is a corporation organized under the laws of the state of Illinois and doing business at Freeport in that state, selling its manufactured products at wholesale prices to persons who wish to purchase and deal in same. On August 24, 1924, one Allison T. Neff then of Enosburg Falls, this State, commenced selling the products of the plaintiff company, purchasing the goods of it. On January 2, 1925, Neff entered into a new written contract, under seal as to him, with the plaintiff, by which the latter agreed to sell to the former such of its products as he should desire to purchase, etc. This agreement expired by its own terms of limitation on the 31st day of December, 1925.

Below the place of the full and complete execution of this contract by the parties thereto in signing and accepting the same, but on the same sheet of paper, is the contract of guaranty, for the enforcement of which this action was brought. The latter contract was signed under seal by each and every of the three defendants, but it was not signed by the principal debtor Neff, nor was he a party to it.

After the expiration of the principal contract of 1925, and on January 2, 1926, a new similar contract in writing was entered into between Neff and the Rawleigh Company, the same to terminate on December 31, 1926. This contract, like the principal contact of 1925, was under seal as to Neff. Below the place of its full and complete execution by the parties by way of signatures and acceptance, but on the same sheet of paper, is attached a contract of guaranty, in all its substantive essentials similar to the contract of guaranty of 1925, except a year later in point of time, and having reference to a principal contract executed a year later, and in terms one year later in termination. The guaranty contract of 1926 was signed by Guy A. Osha, W. H. Pelton, and E. W. Kent, under seal as to each and every of them. But, as is said in speaking of the 1925 guaranty contract, that of 1926 was not signed by Neff, nor was he a party to it.

Although as before seen, defendants' answer sets up four different grounds of defense, but at the trial below, and in review on the exceptions, reliance was and is placed more particularly upon the fourth ground, namely: The substitution of the

1926 contract of guaranty for that of 1925, claiming that by reason of such substitution defendants were discharged from the obligations of the latter.

Declaring upon the contract of guaranty of 1925, the complaint states in substance as follows: That in consideration of one dollar in hand paid, and in consideration of the W. T. Rawleigh Company extending further credit to A. T. Neff under the terms of the principal contract to which this contract of guaranty refers, the guarantors Edward W. Kent, Russell Burridge, and Guy A. Osha (defendants) jointly and severally *unconditionally* promise and guarantee the full and complete payment of the balance due or owing said company for goods previously sold and delivered to said Neff, and also promise and guarantee full and complete payment of all moneys due or owing or that may become due or owing said company, and all indebtedness incurred by said Neff under the terms of said principal contract.

Contending against there having been a substitution of the contract of guaranty of 1926 for that of 1925, as claimed by defendants, the plaintiff directs our attention to the clause in the latter, "and it is mutually understood that this is to be a continuing guaranty." In *Ricketson* v. *Lizotte,* 90 Vt. 386, 98 Atl. 801, we defined a "continuing guaranty" as "one which is not limited to a single transaction, but which contemplates a future course of dealing covering a series of transactions, as to which the guarantor has not bound himself for a definite period, and the consideration for which is divisible." But we also there recognized the fact that a limitation of time might be prescribed in the guaranty contract, or in the guaranteed contract to which reference is made. And the provision in the 1925 guaranty contract that it is a continuing guaranty, need not necessarily be so construed if that contract or the principal contract to which it has reference contains something which detracts from the force of such provision. *Indiana Bicycle Co.* v. *Tuttle,* 74 Conn. 489, 51 Atl. 538. See, also, *Lawrence* v. *McCalmont,* 2 Howard (U. S.) 426, 11 L. ed. 326.

The said guaranty contract provides that the guarantors shall make full and complete payment of "all indebtedness incurred by the buyer under the terms of the above and foregoing instrument," which instrument, as before observed, ended by its own terms of limitation on the 31st day of Decem-

ber, same year. Thus it is seen that in this respect ambiguity exists in the language of the guaranty on which this action was brought. By it the guarantors were unconditionally bound to satisfy all obligations within its legal effect at its maturity on the date last named; but whether obligations which came into existence at a subsequent time are enforceable under its provisions, as attempted by plaintiff in this action, may well be doubted.

With the ambiguity aforesaid existing, parol evidence was properly admitted to show the intention of the parties, and the surrounding circumstances, as bearing on the question at issue, namely, the substitution of the 1926 contract of guaranty, for that of 1925.  12 R. C. L. 1096, § 50.

It appeared from the evidence that Neff ceased to sell Rawleigh Company products at some date after June 3, 1926, up to which time he was selling them; that after January 2, 1926, said company did not by letter or otherwise have written communication with the guarantors or any of them as such on the 1925 contract of guaranty, but instead thereof, when seeking payment of the balance due and owing it by Neff for goods sold and delivered to him prior to the year 1926, it did in fact send numerous letters to each and every of the guarantors of 1926 as such, including guarantor Pelton who was not a party to any previous contract of such nature; that subsequently to the execution and acceptance of the 1926 contract of guaranty, the plaintiff, in attempting to collect the moneys due and owing to it from Neff for goods previously sold and delivered by it to him, sent a statement of its account against Neff, attached to the 1926 contract of guaranty, to the Randolph National Bank for the purpose of such collection. So far as appears, those guarantors received all said communications without objection as to any mistake by plaintiff in so communicating with them instead of the guarantors of 1925. Such acts of the parties, together with the circumstances shown as then existing, constituted evidence tending to show that at the time the guaranty contract of 1926 was executed and accepted, they mutually intended it to be in substitution for that of 1925, and had since acted accordingly.

Defendants' fourth ground of defense set forth in their answer being relied upon at the trial, the question of the intention of the parties at the time mentioned was of great impor-

tance and one of fact for the jury to determine. It follows that in submitting such question of intention to the jury, there was no error. *Sinclair* v. *Richardson,* 12 Vt. 33; *Babcock* v. *Hawkins,* 23 Vt. 561; *Peters* v. *Estate of Poro,* 96 Vt. 95, 117 Atl. 244, 25 A. L. R. 615; *Manley Brothers Co.* v. *Somers,* 100 Vt. 292, 137 Atl. 336.

This holding is determinative of all other questions presented by the exceptions.

*Judgment affirmed.*