STANLEY WYKOWSKI, JR., ET AL. *v.*
ACHILLE A. PRESTI ET AL.
(2973)

DUPONT, C. J., BORDEN and DALY, Js.

Argued February 7—decision released April 29, 1986

*Steven F. Rogers,* for the appellants (plaintiffs).

*John W. Imhoff, Jr.,* filed a brief for the appellee (named defendant).

*Theodore Shumaker* filed a brief for the appellee (defendant Thomas J. Dvorachek).

DALY, J. The principal question on appeal is whether the defendants, Achille A. Presti and Thomas J. Dvorachek, should be held individually liable, together

with the defendant corporation, Hit Engineering, Inc., (Hit).[1] The individual defendants and the plaintiffs entered into an oral contract for the fabrication of stamping dies which were to be delivered to Hit by the plaintiffs, Stanley Wykowski, Jr. and Thomas J. Dellipoali, doing business as the Artel Tool Company.

Certain facts are not in dispute. The plaintiffs manufactured the stamping dies and delivered them to Hit. The plaintiffs sent the initial billing to the defendant Dvorachek, but upon being informed by him that billings should be sent to Hit, the plaintiffs forwarded all subsequent invoices and billings to the corporation. The sum of $4926 remains due and owing to the plaintiffs for the work done.

The trial court found that the defendant Dvorachek was an implied agent of Hit but that he had not assumed any obligation of or guaranteed any payment by Hit. Although the defendant Presti was the president and principal stockholder of Hit, the trial court found that he had not personally guaranteed the debt. The trial court, therefore, rendered judgment for the individual defendants. The plaintiffs moved to open the judgment and reargue. After the denial of that motion, the plaintiffs appealed.

"The proof of the existence of an agency is generally found in the acts and conduct of the parties." *Fox Piano Co.* v. *Bennett,* 96 Conn. 448, 450, 114 A. 529 (1921); *Cleaveland* v. *Gabriel,* 149 Conn. 388, 394, 180 A.2d 749 (1962). The existence of an implied agency and whether a person is acting within the bounds of his authority as an agent are questions of fact. *Cohen* v. *Meola,* 184 Conn. 218, 220, 439 A.2d 966 (1981); *Adams* v. *Herald Publishing Co.,* 82 Conn. 448, 451, 74 A. 755 (1909).

[1] A judgment by default was rendered against the defendant corporation.

The trial court decided the questions of fact in favor of the individual defendants. While the function of the trial court consists of weighing evidence and judging the credibility of the witnesses, that is not the function of this court. *Murphy* v. *Dell Corporation,* 184 Conn. 581, 583, 440 A.2d 223 (1981). A reviewing court's role is to decide whether the decision of the trial court is clearly erroneous in view of the evidence and pleadings in their entirety. The trial court's decision was not clearly erroneous. Id.

The plaintiffs further claim that the trial court abused its discretion by denying their motion to open the judgment. " ' "A motion to open and vacate a judgment filed during the four months after which judgment was rendered is addressed to the court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." ' " (Citations omitted.) *Yanow* v. *Teal Industries, Inc.,* 196 Conn. 579, 583, 494 A.2d 573 (1985).

On the basis of the record before us, we are unable to conclude that the trial court acted beyond the bounds of its discretion in denying the motion to open judgment.

There is no error.

In this opinion the other judges concurred.