[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff; Stephen Radlo, a minor suing through his mother, Susan Radlo, and Susan Radlo, individually, filed a two count complaint against the defendants, Joann Lovett and Donald Spearin. The complaint alleges that on February 23, 2000, Stephen Radlo, while riding a moped, collided with an automobile driven by Lovett and owned by Spearin. The complaint further alleges that Stephen Radlo sustained injuries and damages as a result of Lovett's negligent operation of that automobile. An agency and/or familial relationship between Lovett and Spearin is also alleged.[1]
On October 2, 2000, pursuant to Practice Book § 17-44 et seq., Spearin filed a motion for summary judgment accompanied by a supporting memorandum of law. In addition, Spearin filed a sworn supporting affidavit attesting that no familial or agency relationship existed between him and Lovett. In response, the plaintiffs filed an opposing memorandum of law on November 2, 2000. No opposing affidavit or other documentary evidence was filed by the plaintiffs.[2]
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle [said party] to a judgment as a matter of law. . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted.) Miles v. Foley, 253 Conn. 381, 386,752 A.2d 503 (2000). "Requiring the nonmovant to produce such evidence does not shift the burden of proof. Rather, it ensures that the nonmovant CT Page 14464 has not raised a specious issue for the sole purpose of forcing the case to trial. See Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1980) ("[i]ndeed, the whole summary judgment procedure would be defeated if; without any showing of evidence, a case could be forced to trial by a mere assertion that an issue exists')." Great Country Bank v. Pastore,241 Conn. 423, 436, 696 A.2d 1254 (1997).
Spearin moves for summary judgment on the ground that he is entitled to judgment as a matter of law because he "cannot be held liable merely due to the fact that he owned the vehicle involved in the . . . accident since he [does] not fall within any of the categories [that] would trigger the [v]icarious [l]iability [d]octrine." (Spearin's Memorandum, p. 7.[3]) The plaintiffs' sole argument is that "[i]t would be improper for the [c]ourt to grant the defendant-operator's (sic) [m]otion for [s]ummary [j]udgment as the question of agency . . . is a question of fact properly decided by the trier-of-fact.[4]" (Plaintiff's Memorandum, p. 2.[5])
A principal may be liable for the actions of individuals acting with apparent authority or within the scope of their agency. See Hallas v.Boehmke Dobosz, Inc., 239 Conn. 658, 673-75, 686 A.2d 491 (1997). Generally, there are three elements necessary to prove an agency relationship, including: "(1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parities that the principal will be in control of the undertaking." (Internal quotation marks omitted.)Levine v. Advest, Inc., 244 Conn. 732, 759 n. 16, 714 A.2d 649 (1998). Although "[p]roof of agency is ordinarily a question of fact, . . . [w]hen the facts are undisputed it may then become a question of law."Russo v. McAviney, 96 Conn. 21, 24, 112 A. 657 (1921). Agency becomes a question of law when "no reasonable juror could find actual or implied agency in these circumstances." Hallas v. Boehmke and Dobosz, Inc., supra, 239 Conn. 674.
In the present case, Spearin filed an affidavit attesting that he and Lovett do not fall within the definition of family for purposes of the family car doctrine, as defined in General Statutes § 52-182,[6]
that he and Lovett have never lived at the same address, have never been co-workers or had an employee/employer relationship, and that no type of agency relationship exists or existed between them. Spearin further attests that Lovett borrowed his vehicle so that she would have transportation to get to work. The plaintiffs, in opposing this motion for summary judgment, are under an obligation to provide the court with an evidentiary foundation demonstrating the existence of a genuine issue of material fact. See Miles v. Foley, supra, 253 Conn. 386. The plaintiffs have submitted nothing to counter or dispute this affidavit. CT Page 14465
Accordingly, the court finds that no dispute of material fact exists, and Spearin's motion for summary judgment.
Foley, J.