WILLIAM PHILIPS *vs.* ALBERT E. WINCHESTER ET AL.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, JS.

Both principal and agent are liable for an injury caused by the latter's negligence while acting within the scope of his authority, and may be sued therefor either jointly or separately.

In the absence of any statement whatever in the finding to the effect that one of the defendants before trial moved that the plaintiff be required to elect whether he would pursue the principal or the alleged agent, there is no basis in the record for an assignment of error touching that matter.

The evidence in the present case reviewed and *held* to have warranted

a verdict for the plaintiff against the operator of the automobile which ran into him; and furthermore, that in view of the severity and permanence of the injuries received, the sum awarded, $10,000, was not excessive.

The weight to be given to testimony is a matter peculiarly within the province of the jury, whose conclusion will rarely be reversed by this court.

Argued November 6th—decided November 17th, 1923.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendants, brought to the Superior Court in Fairfield County and tried to the jury before *Wolfe, J.;* verdict and judgment for the plaintiff for $10,000 against the defendant Herbert Winchester and in favor of the defendant Albert E. Winchester, from which the former appealed. *No error.*

*William F. Tammany*, with whom, on the brief, was *Paul R. Connery*, for the appellant (defendant Herbert Winchester).

*John Keogh* and *John T. Dwyer*, for the appellee (plaintiff).

CURTIS, J.   The plaintiff alleged in his complaint that he was injured by the negligent driving by Herbert Winchester of an automobile, which was owned by his father Albert E. Winchester.  He further alleged, in substance, that at the time the plaintiff was injured, Herbert Winchester, the driver of the car, was the agent of the defendant Albert E. Winchester, that the automobile was kept and maintained for the use, convenience and pleasure of the family of Albert E. Winchester, and at the time was being used for that purpose and with the knowledge and consent of said Albert E. Winchester and as his agent.

Under this allegation the plaintiff would be permitted

to prove that the son was the father's agent using the father's automobile for the use, convenience and pleasure of the father's family. Thereby a joint liability of father and son would arise. 1 Jaggard on Torts, p. 209, § 67. The plaintiff was not obliged to pursue the principal alone or the agent alone, he could pursue both jointly. Pollock on Torts (9th Ed.) p. 202.

The defendant claims in his first reason of appeal, that he moved before trial that the plaintiff be required to elect whether to pursue the owner of the automobile or the operator, and that the motion was denied. There is, however, no finding setting forth that such motion was made and the action of the court thereon, so that this alleged ruling is not before us.

The remaining grounds of appeal are that the court erred in denying the motion of the defendant to set aside the verdict as against or contrary to the evidence, and also as excessive.

The uncontradicted evidence discloses that the plaintiff in the daytime crossed a highway on foot to board a trolley-car running easterly on tracks at the further side of and beyond the traveled way, while an automobile driven by the appellant was approaching from the west; that the highway was there unobstructed and practically straight for over two hundred feet, and that while crossing he was struck and injured by the automobile.

There were several witnesses offered by each party as to the conduct of the parties. The jury could reasonably have found that the plaintiff had reached a position at the side of the trolley-car that ought to have been safe from an approaching automobile, before he was struck by the automobile; and further, that the plaintiff was free from contributory negligence, and that the defendant operator was guilty of negligence, as alleged, in the operation of the automobile, and thereby caused the collision.

The defendant claims that the testimony of several witnesses should not have been credited by the jury because untrustworthy. The weight that should be attached to the testimony of witnesses is a matter peculiarly within the province of the jury, and a matter that will rarely be reviewed by this court. The state of the evidence in this case does not call for such a review by us.

In view of the testimony as to the severity of the injuries received by the plaintiff, their permanence and effect upon his earning power, we do not find that the damages awarded were excessive.

There is no error.

In this opinion the other judges concurred.