IDA GLAZER *vs.* MAX ROSOFF.

Third Judicial District, New Haven, June Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued June 10th—decided July 9th, 1930.

*John Henry Sheehan*, with whom was *Samuel H. Rosenthal*, for the appellant (plaintiff).

*Daniel D. Morgan*, with whom, on the brief, were *Philip Pond* and *Joseph B. Morse*, for the appellee (defendant).

PER CURIAM. The testimony of the plaintiff, if accepted, was clearly sufficient to sustain the verdict, but the trial court held that it was so improbable and obviously untruthful as to justify setting the verdict aside. In some of its details, there can be little doubt that it was colored by self-interest; in certain respects it is contradicted by other evidence of compelling force; and the plaintiff claimed to have forgotten circumstances which it is hard to believe she might not have readily called to mind. Yet making allowances for all these elements, we cannot say that her testimony upon the essential issues in the case was such that the jury might not have reasonably accepted its substantial truth, particularly in view of its corroboration by the evidence of her daughter, and the failure of the defendant to offer any denial of the assault upon her out of which, as she claims, grew the promise of marriage upon which she sues. Where there is testimony sufficient to support a verdict, a trial court is not at liberty to substitute its own judgment that it is incredible, for the contrary conclusion of the jury, unless that conclusion is one which could not have been

reasonably reached or is not legally permissible. Only by adherence to this principle can be preserved the right of a jury to determine the credibility of testimony and to decide where, as between conflicting evidence, the truth lies. *Falleo* v. *Byrolly Transportation Co.,* 109 Conn. 500, 501, 147 Atl. 16; *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 232, 132 Atl. 451; *Canfield* v. *Sheketoff,* 104 Conn. 28, 30, 132 Atl. 401; *Philips* v. *Winchester,* 100 Conn. 12, 15, 122 Atl. 792. Giving all due weight to the action of the trial court, a careful study of the evidence leads to the conclusion that the verdict should not have been set aside.

There is error and the case is remanded to the Superior Court with direction to enter judgment upon the verdict as rendered.