MARTHA JANE WATERS *vs.* THE CONNECTICUT COMPANY.

First Judicial District, Hartford, May Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.
Argued May 7th—decided June 1st, 1931.

*Edward J. Daly* and *William B. Slonim.* for the appellant (plaintiff).

*Joseph F. Berry,* with whom, on the brief, was *Julius G. Day, Jr.,* for the appellee (defendant).

PER CURIAM. The plaintiff alleges in her complaint that, in alighting from a car of the defendant in which she was a passenger, she stepped down upon the step of the car and, because of its slippery condition by reason of ice and snow upon it, slipped and fell to the street, causing her serious injuries. The contention of the defendant is that the jury could not reasonably have found, as they must have done to render a verdict for the plaintiff, that the step was slippery because

of the snow and ice upon it. Her own direct testimony as to the condition of the step was not definite and can perhaps carry little weight because it was obviously based upon a very casual observation of the step when she entered the car. She produced, however, one witness who testified that, having seen her fall, he examined the step at her request immediately thereafter, and who stated with great positiveness that there was ice upon it. The testimony of this witness appears to have been somewhat exaggerated and he was very strongly contradicted by other witnesses as to whether or not another passenger alighted at this stop ahead of the plaintiff. It is also true that the defendant produced the operator of the car, who testified that the step was wet but not icy, but who seems not to have made any particular examination of it, and two other passengers in the car, who stated that they examined the step when they alighted at subsequent stops and found no ice upon it. But one of these testified, in contradiction to the evidence of the operator of the car and the probabilities arising out of the general weather conditions of the day, that the step was dry. The defendant relies to a considerable extent upon the weather reports of the day of the accident which showed that, from about nine o'clock in the morning until the time the plaintiff fell in the evening, the temperature registered at the office of the weather bureau was above freezing; but the highest temperature during this time was thirty-nine degrees, the day was generally cloudy, and snow only melted to the extent of three tenths of an inch. This hardly indicates that if, in the morning, there had been ice upon the step of the car it would have melted to any considerable degree, and the defendant offered no evidence of any inspection of the step of the car at any time that day. On the other hand, if the plaintiff

slipped from the step, as she testified she did, this would in itself be strongly corroborative of her claim that it was slippery with ice; and, while there is contradictory testimony, she is corroborated in this respect by the witness she produced, before referred to and by the rather significant circumstance that the other two passengers, although one stated positively that the plaintiff did not fall until she was upon the street, both were at pains when they alighted to examine the step to determine its condition. Despite the weight which we must accord to the decision of the trial court in setting the verdict aside, we cannot but feel that, in considering the evidence as a whole, the conclusion of the jury must be regarded as based upon the weighing of the credibility of witnesses and the drawing of inferences which were within their proper province. *Glazer* v. *Rosoff,* 111 Conn. 707, 708, 151 Atl. 165.

There is error and the case is remanded with direction to enter judgment upon the verdict.