WALTER STULGINSKI *v.* MIKE CIZAUSKAS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued February 9—decided March 8, 1939.

*Harry J. Conway,* with whom was *Victor M. Gordon,* and, on the brief, *Arthur B. O'Keefe,* for the appellant (defendant).

*Harry M. Albert,* with whom was *Michael V. Blansfield,* for the appellee (plaintiff).

BROWN, J. The complaint is for the foreclosure of a judgment lien upon the defendant's land in Waterbury, filed to secure a judgment for the plaintiff against the defendant for $3248.54 and costs, rendered April 21, 1938. The defendant's answer admits the allegations of the complaint except that the judgment had never been paid in whole or part, and alleges that: the judgment was rendered in an action for the defendant's tort which inflicted physical injury during an altercation with the plaintiff, a fellow employee of the Waterbury Rolling Mills Company; this injury was sustained by the plaintiff in the course of his employment and because of it $2000 was paid him by the company and its insurer under the Workmen's Compensation Act pursuant to an award by agreement, a

copy of which is incorporated in the answer; and the injury for which this $2000 was paid was the same one upon which the judgment for the plaintiff is predicated. The defendant claims that the plaintiff's judgment be reduced by the application of this $2000 by way of recoupment or set-off. The plaintiff demurs to this defense on the ground, in substance, that the payment to the plaintiff under the Workmen's Compensation Act was not available to reduce the amount of the judgment secured by the lien.

The substance of the defendant's contention is that this is an equitable proceeding, that it is unconscionable for the plaintiff to realize upon this judgment predicated upon full compensation for his loss sustained, and in addition to keep the $2000 paid by his employer by reason of this same tort. His counsel conceded that the defendant cannot prevail if this case falls within the well established principle laid down in *Roth* v. *Chatlos,* 97 Conn. 282, 287, 116 Atl. 332, that payment to the plaintiff by a third party of compensation for injuries sustained by the defendant's wrongful act cannot relieve the latter of his obligation to pay therefor. Their claim is, however, that that rule is not applicable to the situation here because the defendant and the Waterbury Rolling Mills Company were joint tort feasors, and therefore the latter is not a "collateral source," which is an essential requisite under the rule.

Leaving out of consideration for the moment the provisions of the Workmen's Compensation Act, and assuming what goes beyond the present record, that the defendant's tort was an act done by him as a servant of the company within the scope of his employment, which is indicated by the facts recited in our opinion in *Stuglinski* v. *Waterbury Rolling Mills Co.,*

124 Conn. 355, 357, 199 Atl. 653, this would be insufficient to constitute the company and the defendant joint tort feasors in the sense essential to support the defendant's claim. While a master and servant may under our law be jointly sued for a tort of the latter committed within the scope of his employment (*Philips* v. *Winchester,* 100 Conn. 12, 14, 122 Atl. 792), they are not joint tort feasors in the sense that they are equal wrongdoers without right of contribution; for the master may recover of the servant the amount of loss caused to him by the tort, including any sum he has been required to pay a third person on account of it. *Smith* v. *Foran,* 43 Conn. 244, 250; *Washington Gas Light Co.* v. *District of Columbia,* 161 U. S. 316, 328, 16 Sup. Ct. 564; 18 R. C. L. 502. "The master is not held on any theory that he personally interferes to cause the injury. It is simply on the ground of public policy, which requires that he shall be held responsible for the acts of those whom he employs, done in and about his business, even though such acts are directly in conflict with the orders which he has given them on the subject. The liability of a servant, on the other hand, arises wholly because of his personal act in doing the wrong. It does not grow out of the relation of master and servant, and does not exist at all, unless it would also exist for the same act when committed, not as a servant, but as the principal. Liabilities thus created on two such wholly different grounds cannot and ought not to be joint." Taft, J., in *Warax* v. *Cincinnati, N. O. & T. P. Ry. Co.,* 72 Fed. 637, 643. See also *Son* v. *Hartford Ice Cream Co.,* 102 Conn. 696, 699, 129 Atl. 778. Payments made by the employer are not made by the wrongdoer but by one who is obligated secondarily to answer for the acts of another. That the wrongdoer is an employee does

not distinguish the case from one where he does not stand in that relationship to the person who is required to pay the compensation.

The provisions of the Workmen's Compensation Act which comprise a vital part of the existing law under which this case must be determined, however, on this record afford a full and complete answer to the defendant's argument. Section 5226, which, as the exhibit in the defendant's answer shows, governs the situation before us, provides that "the employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment." This eliminates the common-law liability of the employer to the employee. Other provisions of the act afford to the employee the right of compensation. The right so created is not one in tort but rests solely on contract. *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 145, 93 Atl. 245; *Schmidt* v. *O. K. Baking Co.*, 90 Conn. 217, 220, 96 Atl. 963. The plaintiff's right against the Waterbury Rolling Mills Company was then a contract right. His right against the defendant was one in tort. The company and the defendant therefore could not be and were not joint tort feasors. Predicated as it is upon the premise that they were, the defendant's argument that the rule of *Roth* v. *Chatlos,* supra, does not apply, falls, and his further contention that under the principle set forth in *Dwy* v. *Connecticut Co.*, 89 Conn. 74, 95, 92 Atl. 883, the $2000 awarded the plaintiff as compensation inures to his benefit and operates as a payment pro tanto on account of the plaintiff's judgment, falls with it.

The provisions of § 5231 of the Compensation Act afford further reason for the conclusion that the defendant is not entitled to the credit claimed. These

are in effect that when a compensable injury is sustained "under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto," the injured employee's right of action against such third person shall not be affected by the payment of compensation by the employer, but the latter shall be entitled to reimbursement from any amount recovered in such action and the injured employee to any excess thereof. As worded, the provisions of this section furnish a direct refutation of the defendant's claim that he is entitled to credit for the employer's payment consequent upon his own wrongful act. There is no basis for construing the statute as excepting a fellow employee who is the tort feasor causing the claimant's injury within the above provision. The statute, therefore, applies to such a fellow employee as well as to any other third party who commits such a tort. This section affords a further and conclusive reason against the allowance of the credit which the defendant claims.

While the facts in *Geraty* v. *Kaufman,* 115 Conn. 563, 162 Atl. 33, differ from those here, in that there the defendant was not a fellow servant, as in this case, but, acting in an analogous relationship to that of a physician attending an injured employee at the employer's expense under the act, was charged with malpractice, what we there said at page 568 in discussing the effect of § 5231 upon the defendant's claim to credit for the compensation which had been paid the plaintiff by the employer, is equally applicable upon the facts of this case. It also fully explains the effect of this statute and effectively sums up the reasons for denying the defendant's claim: "It is clear that it was not the intention of the legislature that the wrongdoer should benefit by the payments of compensation

made to the injured employee by his employer. He is not permitted to benefit from payments made by persons who are not joint tort feasors, 'whether the motive impelling their payment be affection, philanthropy, or contract.' *Roth* v. *Chatlos*, 97 Conn. 282, 287, 116 Atl. 332; *Dickerson* v. *Connecticut Co.*, 98 Conn. 87, 118 Atl. 518. The employer is not a joint tort feasor, in the case of an injury caused by the negligence of another, and when his only obligation is that arising under the terms of the Compensation Act. That is an obligation arising out of the contract of employment, fixed by statute, and having no relation to the liability to the injured person arising out of the negligence of the tort feasor. Conceding that a defendant cannot escape liability by showing that the plaintiff has received compensation for his injuries from a third person, whether through gift or contract, the defendant contends that if he can show that the plaintiff has received satisfaction for his injuries from a third party who was legally liable for those injuries, he has a complete defense. But an employee who has received compensation under the act has not received satisfaction for his injuries, nor has he received it from one who was legally liable for those injuries. He has received certain payments to which, under his contract of employment, he became entitled by virtue of the statute, but which were not paid in satisfaction of his claim for damages resulting from his injuries, and which were paid by one who was not legally liable to him for such damages."

The reasons already discussed obviate the need of considering the effect of the release from the Waterbury Rolling Mills Company and its insurer of their right of action under the statute, the fact that the judgment was in favor of the plaintiff alone while the award was

in favor of both him and his wife, and the other facts referred to in the plaintiff's grounds of demurrer.

There is no error.

In this opinion the other judges concurred.