[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE
Before the court is the plaintiff's motion to strike the special defense of the defendant New Haven Taxi Cab Company Corporation. The plaintiff brings this action to recover for personal injuries sustained in a collision while riding as a passenger in a taxi owned by the defendant New Haven Taxi Cab Company Corporation and operated by one Robert Bigos. The taxi cab company admits in its answer that the driver was its agent or employee but, as a special defense, asserts that its driver Bigos, at the time of the accident, was acting in disregard of instructions he received to return to the base. The defense, therefore, is that Bigos was not acting within the scope of his employment.
The court agrees with the plaintiff that under the doctrine of respondeat superior, an employee's failure to follow the employer's orders or instructions does not relieve an employer from liability for the employee's actions if the employee acted with apparent authority in furtherance of the employer's business. Belanger v. The Village Pub I, Inc., 26 Conn. App. 509, 520. The doctrine of respondeat superior, which makes the employer liable for actions by an employee, is based on public policy considerations that the employer "shall be held responsible for the acts of those whom he employs, done in and about his business, even though such acts are directly in conflict with the orders which he has given him on the subject." Stulginski v. Cizauskas, 125 Conn. 293, 296 (1939). CT Page 7906 Having admitted that the driver, Bigos, is its agent or employee, under the doctrine of respondeat superior the defendant must be held liable for any negligent conduct of Bigos in operating the taxi cab in which the plaintiff was a passenger, even if Bigos had been previously ordered by the taxi cab company to proceed back to the base instead of picking up the plaintiff.
For all these reasons, the motion to strike the special defense is granted.
Flynn, J.