[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a personal injury case stemming from a motor vehicle collision. The following facts are derived from the intervening plaintiff's complaint and for purposes of this motion to strike will be taken as true. Blancato v. Feldspar,203 Conn. 34, 36, 533 A.2d 1235 (1987). The intervening plaintiff, Visiting Nurse and Home Care, Inc., was the employer of the plaintiff, Dulce Ferreira, on June 3, 1991, when Ms. Ferreira was involved in a motor vehicle accident in the course of her employment. The plaintiff was covered under an underinsured motorist policy carried by the defendant, Aetna Insurance Company, on the date of the accident. Ms. Ferreira has filed suit against the defendant for damages over and above those recovered, or those to be recovered, from the tort-feasor. The intervening plaintiff has also filed a complaint against the defendant pursuant to General Statutes § 31-293, seeking reimbursement for workers' compensation benefits that have been paid by the intervening plaintiff as a result of the injuries sustained by Ms. Ferreira.
The defendant filed a motion to strike the intervening CT Page 1120 plaintiff's complaint as well as a memorandum of law in support of the motion on September 12, 1994, on the ground that there is no cause of action for this type of damages claim under § 31-293. The intervening plaintiff has submitted an objection to the defendant's motion as well as a memorandum of law in support of the objection, dated November 10, 1994.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them, and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138,140, 438 A.2d 27 (1980).
The intervening plaintiff seeks recovery of workers' compensation benefits, paid to its employee, Dulce Ferreira, from the defendant insurance carrier under an underinsured motorist policy covering the employee. General Statutes § 31-293[1]
governs, exclusively, the right of the employer to recover such benefits. Skitromo v. Meriden Yellow Cab Company,204 Conn. 485, 489, 528 A.2d 826 (1987). The defendant asserts that the complaint filed against it by the employee is an action based on contract, and that a contract action such as this is not allowed to be brought by an employer under § 31-293. The defendant [Defendant] states in its memorandum that the "statutory language [of § 31-293] reflects that actions at law instead of contract actions are subject to the right of recovery." The intervening plaintiff in its memorandum maintains that "the term `at law', does not refer to a distinction between a negligence and a contract action; rather, it is a distinction between an action at law and an action in `equity'."
"When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and CT Page 1121 the statute will be applied as its words direct." (Citations omitted.) Warkentin v. Burns, 223 Conn. 14, 22, 610 A.2d 1287
(1992). The court should not "torture the words or sentence structure of a statute . . . to import an ambiguity where the ordinary meaning of the language leaves no room for it." (Citation omitted.) State v. Genotti, 220 Conn. 796, 809,601 A.2d 1013 (1992).
Section 31-293 allows an employer to seek reimbursement for workers' compensation benefits paid to an employee for injuries sustained in the course of employment from a third person who "under circumstances creating in [that] third person other than an employer a legal liability to pay damages for the injury . . . ." General Statutes § 31-293. The defendant cites Stavola v.Palmer, 136 Conn. 670, 73 A.2d 831 (1950), as authority for its position that the present action is not allowed under § 31-293. Our Supreme Court stated in Stavola, however, that "the right of the employer depends upon the employee's right to the extent that [the employer] has no cause of action unless the employee . . . has a cause of action, and [the employer] cannot recover any more than the employee . . . could recover. Subject to those limitations, the right which the employer is given by the statute is [the employer's]. It is not the right of the employee . . . ." Id. 678. The defendant is not claiming that the employee does not have a cause of action against the defendant under the circumstances of this case. The employee does indeed have a cause of action against the defendant under the underinsured motorist policy coverage provided by the defendant. Therefore based on Stavola, the intervening plaintiff has a cause of action to the extent of the coverage of the employee's policy.
The defendant nevertheless claims that because it is only liable to Ms. Ferreira under contract, it is not liable to the employer at law. The purported distinction between actions at law and at contract previously has been considered by our Supreme Court. "Causes of action that are essentially cognizable at law are triable to a jury, while actions that are essentially equitable are not . . . . [A] contract action, a tort action, or a hybrid of the two . . . has always been triable to a jury." (Citations omitted.) Motor VehicleAssociation v. O'Neill, 203 Conn. 63, 76, 77[,] 523 A.2d 486
(1987). It therefore follows that a contract action, which is triable by jury, is an action at law. CT Page 1122
The defendant additionally cites Stulginski v. Cizauskas,125 Conn. 293, 5 A.2d 10 (1939), which resolved the issue of whether an injured party, who had been compensated by his employer through workers' compensation benefits for injuries sustained in the course of employment through an attack on the injured party by a co-worker, may seek recovery from the co-worker under a tort theory for the same damages. The Court stated, "[t]he plaintiff's right against Waterbury Rolling Mills Company was then a contract right. His right against the defendant was one in tort. The company and the defendant therefore could not be and were not joint tort feasors." Id., 297. This issue is not dispositive of the issue in the present case. Further, the remaining cases cited by the defendant are also not dispositive of the present case. See Uva v. Alonzy,116 Conn. 91, 163 A. 612 (1933) (reimbursement for workers' compensation benefits are recoverable under a wrongful death action as well as a personal injury action); Chichester v. NewHampshire Fire Insurance Company, 74 Conn. 510, 51 A. 545 (1902) (contract provision in an insurance policy limiting the time period during which recovery may be sought is valid and binding);Torello v. Mutual Insurance Company of Omaha, 4 Conn. L.Rptr. 480
(August 30, 1991, Flanagan, J.), aff'd, 27 Conn. App. 910,606 A.2d 62 (1992) (General Statutes § 52-592 does not permit an action to survive which is brought past the time limitation incorporated in an insurance policy); Sacks RealtyCompany, Inc. v. Newark Insurance Company, 34 Conn. Sup. 564,377 A.2d 858 (App. Sess. 1976) (limitation of an action for damages caused by vandalism against an insurer is not extended under General Statutes § 52-593a); Norwalk v. Van Dyke,33 Conn. Sup. 661, 366 A.2d 554 (App. Sess. 1976) (an employer may not seek reimbursement for workers' compensation benefits independently of § 31-293).
For the foregoing reasons, the court denies the defendant's motion to strike the intervening plaintiff's complaint.
WILLIAM J. SULLIVAN, J.