[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE REVISED CROSS-CLAIM
This case arises out of a motor vehicle accident between a vehicle owned and operated by Stephen Delrose and a vehicle owned by Caryn Kurland and operated by Arthur Azzarito. The plaintiff, Dee Palazzo, was a passenger in Kurland's vehicle at the time of the accident. Palazzo brought suit against Delrose and Azzarito alleging negligence and against Kurland alleging that, as owner of the vehicle operated by Azzarito, she was liable for the injuries caused to Palazzo by Azzarito's negligence.
On November 11, 1998, Kurland filed a cross-claim against Azzarito seeking common law indemnification. The cross complaint alleged that Kurland left her vehicle in the possession of Colonial Subaru, Inc. and CT Page 6261 its employee, Azzarito, to have the vehicle serviced. While the vehicle was in his possession, Azzarito took it for a test drive with Palazzo as a passenger. The underlying accident in this case occurred during that test drive. The cross complaint proceeded to allege a passive/active negligence common law indemnity claim.[1]
On December 21, 1998, Azzarito moved to strike the cross-claim on the grounds that: (1) since it was the convergence of the actions of two vehicle operators which resulted in the collision, it is impossible to sufficiently plead and prove that one of the operators was in exclusive control of the situation; and (2) as a matter of law, an owner who allows another individual to operate her vehicle must have reason to anticipate the possibility that the operator might negligently drive the vehicle. On May 11, 1999, the court, Radcliffe, J. granted the motion on other grounds. The court stated that common law indemnity principles do not apply where, as in the present case, the defendants are not joint tortfeasors. The only basis of liability pleaded against Kurland arises out of General Statutes § 52-183,[2] which creates a rebuttable presumption of an agency relationship between the owner and operator of a vehicle. The court held that common law indemnification was not available in situations where vicarious liability or respondeat superior create the basis for liability.[3]
On October 13, 2000, Kurland elected to file a revised cross-claim against Azzarito. Kurland alleges that because her liability is solely based on her ownership of the vehicle, Azzarito is obligated to indemnify Kurland.[4] Azzarito now moves to strike the cross-claim on the ground that because the court has already decided the issue of indemnification based on passive/active negligence in the previous motion to strike and Kurland does not allege a contractual or other indemnification claim, the revised cross-claim complaint fails to plead a legally sufficient indemnity claim.
"The purposes of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . [W]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) D'Amico v. Johnson,53 Conn. App. 855, 859, 733 A.2d 869 (1999). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). The court must "construe the complaint in the manner most CT Page 6262 favorable to sustaining its legal sufficiency." Sherwood v. DanburyHospital, 252 Conn. 193, 212-13, 746 A.2d 730 (2000).
In her revised cross-claim, Kurland pleads that as the vehicle owner, but not the person in, operating, or even near the vehicle at the time the alleged negligence in operation occurred, she is entitled, if found liable, to indemnification from the person actually in control of her vehicle.
The parties have not cited and the court cannot find any Connecticut appellate case that specifically decides the issue of whether an owner of a vehicle, who is liable to a third party for damages caused by the operator of his vehicle, has a right of indemnification against the operator. However, a federal district court, interpreting Connecticut law, has held that the owner, who was held liable under § 52-183, was entitled to indemnification from the agent driver. Dennler v. DodgeTransfer Corp., 201 F. Sup. 431, 439 (1962),[5] citing Stulginski v.Cizauskas, 125 Conn. 293, 296, 5 A.2d 10 (1939), which held that "[w]hile a master and servant may under our law be jointly sued for a tort of the latter committed within the scope of his employment . . . they are not joint tortfeasors in the sense that they are equal wrongdoers without right of contribution; for the master may recover of the servant the amount of loss caused to him by the tort, including any sum he has been required to pay a third person on account of it." (Citations omitted.)
Furthermore, Kurland cites Farm Bureau Mutual Automobile Ins. Co. v.Kohn Bros. Tobacco Co., Inc., 141 Conn. 539, 107 A.2d 406 (1954) for the proposition that an owner of a motor vehicle, who is sued by a third injured party, has a right of indemnity against the operator of the vehicle. In Farm Bureau, the court held that a lessor of a vehicle, who is held liable for damages under General Statutes § 14-154a[6]
(formerly General Statutes § 2479), has a right of indemnification against the lessee of the vehicle. Id., 544. The court stated that a lessor's right of indemnification against the lessee, under the lessor-lessee statute, "does not differ from one wherein an owner of a car is held liable in damages merely because of his ownership. In such a case he can recover from the driver whose negligence caused the injury." Id. The Supreme Court language, while dicta, adds clarity to the issue of whether Kurland has a legally sufficient indemnification claim against Azzarito.
Azzarito argues that Farm Bureau is inapposite because § 14-154a imposes strict vicarious liability on a lessor of a vehicle, whereas § 52-183 merely creates a presumption of agency that may be rebutted by the owner. In other words, a liable lessor's only recourse is indemnification, but a owner held liable under § 52-183 can avoid CT Page 6263 liability altogether by proving an agency relationship did not exist. The court finds this argument unpersuasive. Although an owner can avoid liability by rebutting the agency presumption, the potential of liability stems solely from the statute. Similar to the strict liability imposed by § 14-154a, without the presumptive agency relationship created by § 52-183, it is not likely Kurland otherwise would be liable for the driver's negligence.
Thus, the court concludes, based on the language in Farm Bureau and the holding of Dennler v. Dodge Transfer Corp., that an owner of a vehicle who is potentially liable for damages to an injured party under §52-183 may have an indemnification action against the operator of the vehicle. Kurland has alleged a sufficient basis for a claim of indemnification.
The court recognizes that this holding, while limited to the vehicle owner vehicle operator facts herein, and based on the above cited precedents, may impinge upon, if not directly contradict, the prior decision of Judge Radcliffe in this case to the effect that the active/passive negligence theory of indemnification is not available to Kurland, because she is not a joint tortfeasor, but potentially liable only vicariously. To the extent it does, the court, with great respect, does not agree with the prior decision.[7] The basis for this disagreement is founded on case law and the policies underlying vicarious liability and indemnification.
"Vicarious liability is based on a relationship between the parties, irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined as a matter of policy that one person should be liable for the act of the other. Its true basis is largely one of public or social policy under which it has been determined that, irrespective of fault, a party should be held to respond for the acts of another. . . . Thus, a principal whose liability rests solely upon the doctrine of respondeat superior and not upon any independent act of the principal is not a joint tortfeasor with the agent from whose conduct the principal's liability is derived. . . . Essentially, aside from the relationship between the parties creating the doctrine of vicarious liability, the principal is not a tortfeasor in the true sense of the word because he is not independently liable based upon his own independent actionable fault. . . . Consequently, there is no right of contribution, only indemnification." (Citations omitted; emphasis added; internal quotation marks omitted.) Alvarez v. New Haven Register, Inc.,249 Conn. 709, 720-21, 735 A.2d 306 (1999).
The theory of recognizing indemnification claims between one joint tortfeasor against another joint tortfeasor, is based on the policy CT Page 6264 of "shift[ing] the impact of liability from passive tortfeasors to active ones." Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698, 535 A.2d 357
(1988). Working from that premise, it would seem a fortiori that a principal who is held liable vicariously, that is, in the words ofAlvarez, supra, "not a tortfeasor in the true sense of the word," has a right of indemnification. "[R]equiring both parties to be negligent in order for a passive tortfeasor to receive indemnification would undermine the passive/active exception."[8] Thyberg v. Bonneville, Superior Court, judicial district of Hartford, Docket No. 508561 (July 30, 1999,Peck, J.) (25 Conn.L.Rptr. 151, 153). Put another way, it is inconsistent with the policy of allowing indemnification of a passive tortfeasor not to allow indemnification of a person who is not strictly a tortfeasor at all. A vicariously liable principal is not liable because of his fault; he is liable because our social policy has dictated he be held liable due to his relationship to the party who acted wrongfully.Alvarez v. New Haven Register, Inc., supra, 249 Conn. 721. Allowing indemnification in such a case implements the policy behind the active/passive negligence theory of indemnification between joint tortfeasors. The normal rule is that contribution or indemnification is not allowed between joint tortfeasors based on the theory that wrongdoers are not entitled to relief. Kaplan v. Merberg Wrecking Corp.,152 Conn. 405, 412, 207 A.2d 732 (1965); Preferred Accident Ins. Co.v. Musante, Berman Steinberg Co., supra. The exception, allowing an indemnification claim by a passive tortfeasor against an active tortfeasor, was designed to ameliorate the harshness of the rule on those who were only passively negligent. The same policy applies to those who are not negligent but are held liable for the negligence of others. Such an application would not adversely affect the goal of the rule of vicarious liability since both principal and agent would remain liable to the injured party.
For the above reasons, the motion to strike is denied.
 ______________________ ADAMS, JUDGE